IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:23-cv-00660-MR

| WALTER T. GAUSE, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) | **MEMORANDUM OF** |
| vs. | ) | **DECISION AND ORDER** |
|  | ) |  |
| LESLIE COOLEY DISMUKES[1], | ) |  |
| Secretary, North Carolina | ) |  |
| Department of Adult Correction, | ) |  |
|  | ) |  |
| Respondent. | ) |  |
| _____ | ) |  |

**THIS MATTER** is before the Court on the *pro se* hand-written submission made by Walter T. Gause (herein "Petitioner") entitled "Petition All Writ Act, 28 U.S.C. 1651 et seq[,]" filed on October 5, 2023. [Doc. 1].

**I.   PROCEDURAL BACKGROUND**

Walter Timothy Gause is a prisoner of the State of North Carolina, who was convicted on February 20, 2014, in Mecklenburg County Superior Court

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that "the petition must name as respondent the state officer who has custody" of the petitioner. Rule 2(a), 28 U.S.C. foll. § 2254.  In North Carolina, the Secretary of the Department of Adult Correction is the custodian of all state inmates. N.C. Gen. Stat. § 148-4 (2023).  Accordingly, Leslie Cooley Dismukes, the current Secretary of the North Carolina Department of Adult Correction ("NCDAC"), is now the proper Respondent.

of robbery with a dangerous weapon, assault with a deadly weapon inflicting serious injury, and conspiracy to commit robbery with a dangerous weapon. State v. Gause, 772 S.E.2d 265, 2015 WL 1529828, at *1-2 (N.C. Ct. App. 2015) (unpublished).  The trial court sentenced the Petitioner to 146 to 185 months imprisonment for the robbery and conspiracy convictions, and 59 to 80 months for the assault conviction.  Id.

After his direct appeal, and after seeking post-conviction relief in the state's courts, the Petitioner filed a Petition for Writ of Habeas Corpus in this Court on August 23, 2016.  Gause v. Perry, No. 3:16-cv-00631-FDW, 2017 WL 581331, at *1 (W.D.N.C. Feb. 13, 2017).  On February 13, 2017, the Court entered an Order granting the Respondent's Motion for Summary Judgment and denying the Petition for Writ of Habeas Corpus.  Id.  The Petitioner appealed, and the Fourth Circuit Court of Appeals dismissed the appeal on September 20, 2017.  Gause v. Perry, 697 F. App'x 220 (4th Cir. 2017).

On August 2, 2020, the Petitioner filed a second Petition for Writ of Habeas Corpus, which this Court dismissed as an unauthorized, successive habeas petition. Gause v. Hooks, Case No. 3:20-cv-00306-MR, 2020 WL 6689358, *2-3 (W.D.N.C. Nov. 12, 2020) [Docs. 1, 12].  The Petitioner filed a Notice of Appeal, which the appellate court dismissed on February 26,

2

Case 3:23-cv-00660-MR   Document 4   Filed 12/10/25   Page 2 of 6

2021. Gause v. Hooks, 837 Fed. App'x 1002 (4th Cir. 2021) (Mem.) (unpublished).

On June 23, 2023, Petitioner commenced another action in this Court with a filing entitled "All Writ Act, pursuant 28 U.S.C. § 1651(a)," which the Court construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court dismissed that action as having been brought pursuant to an unauthorized, successive habeas petition. Gause v. Isha, Case No. 3:23-cv-00382-MR, Document 12, Nov. 7, 2023.

On October 5, 2023, the Clerk of Court's office opened this habeas case with a *pro se* hand-written filing made by Petitioner entitled, "Petition All Writ Act, 28 U.S.C. 1651 et seq." [Doc. 1]. As indicated on the front page of this petition, the document was meant to be filed, and in fact was filed as Document 90, in this Court's case number 3:16-cv-00631-FDW. In case number 3:16-cv-00631-FDW, the first habeas action brought by this Petitioner, the Court did not address Petitioner's Document 90, the exact duplicate of which was used to commence this action. Like it did in Case Number 3:23-cv-00382-MR, the Court will construe Petitioner's filing in the present matter as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## II. DISCUSSION

In reviewing a § 2254 petition, the Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs the district court to dismiss a petition when it plainly appears from the petition and any exhibits that the petitioner is entitled to no relief. Rule 4, 28 U.S.C.A. foll. § 2254. Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner's ability to attack the same criminal judgment in multiple collateral proceedings is expressly limited. Under the AEDPA, "[b]efore a second or successive application ...is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)((3)(A). Failure to obtain authorization from the appellate court deprives the district court of jurisdiction to consider the petitioner's successive petition. Burton v. Stewart, 549 U.S. 147, 153 (2007).

This Court previously addressed three § 2254 petitions filed by the Petitioner. The first was denied on the merits with summary judgment entered in favor of the Respondent. Gause v. Perry, No. 3:16-cv-00631-FDW, 2017 WL 581331, at *1 (W.D.N.C. Feb. 13, 2017). The second was dismissed as an unauthorized successive petition. Gause v. Hooks, Case No. 3:20-cv-00306-MR, 2020 WL 6689358, *2-3 (W.D.N.C. Nov. 12, 2020)

[Docs. 1, 12]. The third was dismissed as an unauthorized successive petition. Gause v. Isha, Case No. 3:23-cv-00382-MR, Nov. 17, 2023. [Doc. 12]. As such, the pending § 2254 petition, in which Petitioner once again seeks to challenge his Mecklenburg County, North Carolina, judgment and conviction, is successive.

The Petitioner has not shown that he obtained authorization from the appellate court prior to filing his successive habeas petition as required by 28 U.S.C. § 2244(b)(3)(A). This Court is therefore without jurisdiction to review the merits of the instant § 2254 petition. As such, the § 2254 petition shall be dismissed.

### III. CONCLUSION

For the reasons stated herein, the Petitioner is entitled to no relief. The § 2254 petition shall be dismissed as an unauthorized successive petition. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural

ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

## O R D E R

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus [Doc. 1] is **DISMISSED** as an unauthorized successive petition under 28 U.S.C. § 2244(b)(3).

2. The Clerk of Court is respectfully directed to substitute Leslie Cooley Dismukes, Secretary of the North Carolina Department of Adult Correction, as the Respondent in this action and close this case.

3. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: December 10, 2025

Martin Reidinger
Chief United States District Judge